*1102 OPINION.
Maequette :
The position of the parties to this proceeding may be stated in a few words. The petitioner contends that the invested capital of the Crescent Theatres, Inc., for the year 1920 was at least $70,450, which should be taken into consideration in computing its excess-profits tax, and that the amount of $2,750 is a reasonable allowance for the exhaustion, wear and tear of the corporation’s assets in that year. The respondent denies that he erred in computing the excess-profits tax of the corporation, or in disallowing the deduction taken for depreciation, and he further contends that the corporation understated in its return, the profit realized from the sale of the Lodi Theatre.
The evidence relative to the invested capital of the Crescent Thea-tres, Inc., is vague and indefinite and insufficient to warrant us in finding that there was in fact any invested capital. There is no evidence as to the amount of capital stock either authorized or issued or the amount or value of money or other property, if any, paid in by the stockholders when the corporation was organized. The only witness introduced was the petitioner, Daniel S. Markowitz, and his testimony as to this issue is that the money used by the corporation to purchase the several theatre leases and equipment was furnished by the stockholders. “We each paid in so much money every time there was a purchase of any size made.” He did not say whether the money so furnished was paid in for stock, as paid-in surplus, or was advanced as loans. In view of the state of the record as to the corporation’s invested capital, we do not feel justified in disturbing the respondent’s determination.
The evidence relative to depreciation convinces us that the Crescent Theatres, Inc., acquired in Í919 assets costing at least $114,000. The useful life of these assets is not definitely shown but we are satisfied that, considering the evidence and the nature of the assets and their cost, an annual deduction of $2,750 for their exhaustion, wear and tear is not excessive and should be allowed.
The evidence also established that the corporation purchased the Lodi Theatre lease and equipment in 1919 for $17,500, and sold it the following year for $30,000. The profit realized from the sale was therefore the difference between the depreciated cost and the sale price, instead of $9,500, the amount reported by the corporation.. The corporation’s income should be adjusted accordingly.
Judgment will be rendered on 15 days’ notice, under Rule 50.
Considered by Phillips, Milliken, and Van Fossan.